O

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| EDWIN JOEL HERNANDEZ | § | |
| | § | |
| Petitioner | § | |
| VS. | § | CIVIL ACTION NO. L-09-109 |
| | § | CRIMINAL ACTION NO. 5-08-226-1 |
| UNITED STATES OF AMERICA | § | |

## ORDER

Pending before the Court is Edwin Joel Hernandez', a.k.a. Roque Antonio Renteria Caicedo, (Caicedo) Motion to Reconsider this Court's dismissal of Caicedo's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (§ 2255 motion) [Dkt. Nos. 18; 1].[1] After careful consideration of the motion, the facts presented to the Court, and the governing law, the motion is **DENIED**.

## I.       BACKGROUND AND PROCEDURAL HISTORY

On February 20, 2008, Caicedo was charged by a grand jury in Laredo, TX, in a four count indictment.  [Cr. Dkt. No. 23].  On April 18, 2008, Petitioner appeared before this Court for re-arraignment under the false name Edwin Joel Hernandez, to plead guilty to Count One of the indictment, in accordance with his written plea agreement.  [Cr. Dkt. No. 78; Minute Entry for 4/18/2008; Digital Recording of April 18, 2008, Re-Arraignment at 9:30 a.m.]. He was thereafter sentenced and judgment was entered in accordance therewith.  On October 13, 2009, Caicedo filed a motion challenging his sentence under 28 U.S.C. § 2255.  [Dkt. No. 1].  In that

---

[1] "Dkt. No." refers to the docket number entry for the Court's electronic filing system.  The Court will cite to the docket number entries rather than the title of each filing.  The abbreviations "Dkt. No." and "Dkt. Nos." (plural) will be used to refer to filings in civil case number 5:09-cv-109  and the abbreviations  "Cr. Dkt. No." and "Cr. Dkt. Nos." (plural) will be used to refer to filings in criminal case number 5:08-cr-226-1.

motion Caicedo asserted, among other things, that he had asked his attorney, Frumencio Reyes, Jr. (Reyes), to file a notice of appeal and that Reyes had not done so.  [*Id*. at 15].  Because an attorney's failure to file a notice of appeal when requested by a defendant is *per se* ineffective assistance of counsel, and because the record indicated some evidence that Caicedo intended to appeal his sentence, this Court held an evidentiary hearing to decide the preliminary matter of whether Petitioner had requested that his attorney file a notice of appeal.  [Dkt. Nos. 2 at 8; 11 at 1; 14 (evidentiary hearing rescheduled)].  Following the evidentiary hearing, this Court issued a Memorandum and Order dismissing Caicedo's § 2255 motion with prejudice.  [Dkt. No. 16]. Not satisfied with this result, Caicedo filed a motion asking this Court to reconsider his dismissal.  [Dkt. No. 18].

## II.   DISCUSSION

Although the Federal Rules do not recognize a "motion to reconsider," the Fifth Circuit has held that a motion so designated, provided it is based on the merits, should be construed as a motion to alter or amend under Rule 59(e), or a motion for relief from judgment under Rule 60(b).  *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990) abrogated by *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994).  The time at which the motion is served dictates under which Rule the motion falls; a motion served within the time constraints of Rule 59 will be evaluated under that rule, a motion served later will be evaluated under Rule 60(b).  *Id.* (citing *Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 667 (5th Cir. 1986) (en banc)).  Because Caicedo filed his motion thirty days after this Court entered judgment on his §2255 motion, thus exceeding the twenty eight day deadline of Rule 59(b), the Court will construe Caicedo's motion to reconsider as a Rule 60(b) motion for relief from judgment.  Rule 60(b) sets out specific grounds upon which relief may be granted but also

2

includes a catchall "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).  Here, Caicedo does not reference any of the specific grounds set out in Rule 60(b).  However, the motion does not support consideration of the request on any of the grounds set out in Rule 60(b)(1) through (5).  Accordingly, the motion is considered pursuant to Rule 60(b)(6).

It is entirely within the discretion of the district court whether to deny or grant relief under Rule 60(b).  *Hesling v. CSX Transp., Inc.* 396 F.3d 632, 638 (Fifth Cir. 2005) (citations omitted).  In applying Rule 60(b), a court is to balance the principle of finality of judgments against the interest of the court in seeing that justice is served in light of all relevant facts.  *Id.* Further, Rule 60(b)(6) authorizes relief only if extraordinary circumstances are present.  *Hesling*, 396 F.3d at 642.  In fact, the Fifth Circuit has held that even an admittedly erroneous judgment will not constitute application of Rule 60(b)(6).  *Elgin Nat. Watch Co. v. Barrett*, 213 F.2d 776, 779-780 (Fifth Cir. 1954).  Rule 60(b)(6) is reserved for situations where the initial judgment has been shown to be manifestly unjust.  *Lavespere*, 910 F.2d at 173.

## III.   ANALYSIS

It is clear from his motion that Caicedo does not understand the basis upon which this Court dismissed his § 2255 motion.  Caicedo claims that "[t]he Court ruled that the Petitioner had not met it [sic] burden of proof, preponderance of the evidence, ***because*** both witnesses, Mr. Reyes and the Petitioner were not credible."  [Dkt. No. 18 at 1] (emphasis added).  This is a misstatement of the Court's reasoning.  While the Court did question the credibility of both Mr. Reyes and Caicedo in the order dismissing Caicedo's § 2255 motion, the finding that Caicedo did not prove by a preponderance of the evidence that he unequivocally requested an appeal was not based on a lack of both parties' credibility.

As it is clearly stated in the order, "the evidence that is critical to deciding if Petitioner

3

has met [his] burden is the testimony regarding the conversation between Mr. Reyes and Petitioner that immediately followed Petitioner's sentencing." [Dkt. No. 16 at 13]. The Court then went on to point out that the testimony of both Caicedo and Mr. Reyes was consistent in establishing that they had a conversation about filing an appeal immediately following Caicedo's sentencing and that, in that conversation, they talked about Caicedo's family contacting Mr. Reyes about the appeal. [*Id.*]. The Court concluded that, had Caicedo unequivocally requested that Mr. Reyes file a notice of appeal, there would be no reason for Caicedo's family to contact Mr. Reyes about the appeal. [*Id.*]. The Court based its dismissal of Caicedo's § 2255 motion on the evidence offered by both parties concerning the substance of this post-sentencing conversation, not upon the general lack of credibility evidenced by both parties throughout the hearing.

In his motion to reconsider, Caicedo also "maintains that his statements made in open court on October 9, 2008, were sufficiently unequivocal to meet his preponderance of the evidence standard." [Dkt. No. 18 at 1]. This Court will assume that the "statements" to which Caicedo is referring comprise his in-court query "would it be possible for me to make an appeal, because I don't think this is just, fair?" [Digital Recording of October 9, 2008, Sentencing at 9:20 a.m.]. On this point the Court can only say that an in-court query, directed at the Court, about the possibility of an appeal, is not an unequivocal request, directed at one's attorney, that he file a notice of appeal. It is irrelevant how unequivocally the sentiment was expressed, for the matter hinges not on the content of the comment but on its audience. The evidentiary hearing was held to review the evidence related to whether Caicedo had requested that Mr. Reyes file a notice of appeal, not whether he made any remarks to the court on the subject.

**IV.     CONCLUSION**

Because Caicedo's Motion to Reconsider does not demonstrate that overturning the Court's dismissal of Caicedo's § 2255 motion would serve the interests of justice, and because Caicedo has not even claimed, let alone established, that this Court's initial judgment is manifestly unjust, the balance weighs heavily in favor of serving the need for finality of the Court's judgments. Accordingly, Caicedo's Motion to Reconsider is **DENIED**.

IT IS SO ORDERED.

Done this 6th Day of January, 2011, in Laredo, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE